IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02162-PAB-SKC

JASON BROOKS,

    Plaintiff,

v.

TERESA REYNOLDS,
DONALD CANFIELD,
JEFF LONG,
DEAN WILLIAMS, and
JOHN DOE, Colorado Department of Public Health & Environment,

    Defendants.

# ORDER

This matter is before the Court *sua sponte*. Defendant John Doe ("Doe") of the Colorado Department of Public Health & Environment ("CDPHE") has not been served with a summons or a copy of the Prisoner Complaint [Docket No. 1] or Verified First Amended Complaint [Docket No. 34]. Additionally, to the extent Doe and CDPHE are distinct parties,[1] plaintiff has also failed to serve CDPHE.

Plaintiff filed this civil action on July 22, 2020. Docket No. 1. Plaintiff filed an amended complaint on January 22, 2021. Docket No. 34. Plaintiff, however, has not identified defendant Doe. While Federal Rule of Civil Procedure 4(c) requires that the Court effect service of the summons and complaint for an incarcerated *pro se* plaintiff

---

[1] Doe and CDPHE appear to be one defendant, as plaintiff's amended complaint names as a defendant "Defendant DOE, Colorado Department of Public Health and Environment." *See* Docket No. 34 at 3.

who is proceeding *in forma pauperis*, plaintiff is no longer incarcerated and, even if he were, a plaintiff must provide sufficient information for the Court to effect service. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. 2008). Plaintiff has provided no address for Doe or CDPHE, and the Court "need not require the U.S. Marshal or the Clerk of the Court to search for" a party. *Id.*

Federal Rule of Civil Procedure 4(m) provides that the Court shall dismiss an action without prejudice as to any defendant who has not been served within 90 days of the filing of the action:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). This action was filed July 22, 2020. *See* Docket No. 1. More than 90 days have passed since the filing of this action and since the filing of plaintiff's amended complaint without Doe or CDPHE having been served. Based on plaintiff's failure to provide proof of service of the summons and complaint on Doe or CDPHE within 90 days after the filing either his first or second complaint, plaintiff is ordered to show cause why Doe and CDPHE should not be dismissed pursuant to Rule 4(m) for failure to effect service.

Moreover, Local Rule 41.1 provides that a "judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with

or without prejudice." D.C.COLO.LCivR 41.1. Similarly, Federal Rule of Civil Procedure 41(b) "permit[s] courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *L.C. v. Starbucks Corp.*, No. 21-cv-02154-STV, 2022 WL 656367, at *2 (D. Colo. Mar. 4, 2022) (quoting *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017)). In weighing dismissal under Rule 41(b), courts in this circuit consider the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 931 (10th Cir. 2015) (unpublished); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute).

Wherefore, it is

**ORDERED** that, on or before March 30, 2022, plaintiff shall show cause why defendants John Doe and Colorado Department of Public Health and Environment should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and D.C.COLO.LCivR 41.1. In the absence of an adequate showing, defendants John Doe

and Colorado Department of Public Health and Environment will be dismissed without further notice provided to plaintiff.

DATED March 16, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge