IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02162-PAB-SBP

JASON BROOKS,

    Plaintiff,

v.

TERESA REYNOLDS,
DONALD CANFIELD,
JEFF LONG,
DEAN WILLIAMS, and
JOHN DOE, Colorado Department of Public Health & Environment,

    Defendants.

## ORDER

This matter comes before the Court on the Court's order to show cause issued on May 14, 2025. Docket No. 105. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff filed this lawsuit on July 22, 2020. Docket No. 1. Plaintiff filed an amended complaint on January 22, 2021. Docket No. 34. On March 16, 2022, the Court issued an order to show cause, noting that plaintiff had failed to identify and serve certain defendants. Docket No. 103. The Court's order directed that "on or before March 30, 2022, plaintiff shall show cause why defendants John Doe and Colorado Department of Public Health and Environment should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and D.C.COLO.LCivR 41.1." *Id.* at 3. The Court further stated that, "[i]n the absence of an adequate showing, defendants John Doe and

Colorado Department of Public Health and Environment will be dismissed without further notice provided to plaintiff." *Id.* at 3-4. The Court also explained that both Federal Rule of Civil Procedure 41(b) and Local Rule 41.1 provide for dismissal of a case if plaintiff fails to comply with a court order. *Id.* at 2-3.

Plaintiff did not respond to the Court's order to show cause by the March 30, 2022 deadline. The Court thus dismissed without prejudice the unserved defendants. Docket No. 105 at 3. The Court also ordered plaintiff to show cause as to why the entire case should not be dismissed for plaintiff's failure to prosecute. *Id.* Plaintiff did not respond to the Court's order to show cause by the June 4, 2025 deadline and has not filed a response in the intervening period since that deadline.

A court may dismiss a case under Rule 41(b) *sua sponte* "for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *L.C. v. Starbucks Corp.*, No. 21-cv-02154-STV, 2022 WL 656367, at *2 (D. Colo. Mar. 4, 2022) (quoting *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017)). Courts in this circuit apply five factors to determine whether a dismissal under Rule 41(b) is warranted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

The Court finds that each of these factors weighs in favor of dismissal. For the first factor, while the defendants have not complained about Mr. Brooks's abandonment of the case, the Court finds that the defendants have still suffered at least some

prejudice as a result of the case remaining open without any progress in over three years.  For the second factor, the Court finds that plaintiff's failure to comply with the Court's orders has interfered with the judicial process.  For the third factor, the Court finds that the plaintiff is at fault in failing to respond to two different orders to show cause and in otherwise failing to prosecute this case.  For the fourth factor, the Court previously warned plaintiff that it could dismiss this action with prejudice if plaintiff failed to comply with a court order.  See Docket No. 103 at 2-3; Docket No. 105 at 3 ("In the absence of an adequate showing by plaintiff as to why he has apparently abandoned this case, this case will be dismissed with prejudice and without further notice provided to plaintiff.").  For the fifth factor, the Court finds that no lesser sanction would be effective.  Plaintiff has already disregarded two orders of this Court and has not sought to pursue this case for over three years, and the Court finds there is no reason to believe that a lesser sanction, such as monetary penalties, would motivate him to begin litigating this case again.  See Egbune v. Baum, 23-cv-02830-PAB-SBP, 2025 WL 438705, at *6 (D. Colo. Jan. 22, 2025), report and recommendation adopted, 2025 WL 437103 (D. Colo. Feb. 7, 2025), ("[T]his record strongly suggests that an order imposing a monetary sanction is likely to be ineffective; like other orders in this case, the court must anticipate that [plaintiff] would ignore it.").

     Accordingly, it is

     **ORDERED** that plaintiff's claims against all defendants are **DISMISSED with prejudice** pursuant to Rule 41(b).  It is further

**ORDERED** that this case is closed.

DATED August 22, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge